UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────x

**Alexander Gomez**,

                Plaintiff,                Case No.: **24-cv-03020-JLR**

-v-

**Cirlio Lozada,** and                      **PLAINTIFF'S VERIFIED MOTION**
**Amigos Restaurant, Inc**                **FOR DEFAULT FINAL JUDGMENT**
                                                        **AGAINST DEFENDANT AMIGOS**
                                                        **RESTAURANT INC**

                Defendants.
─────────────────────────────────x

      I, MARIA-COSTANZA BARDUCCI, as Attorney for Plaintiff, pursuant to the Court's default judgment procedures as part of the Court's individual rules, declare, under penalties of perjury, the following:

**Basis for Granting Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2)**

    **1.**    The Defendant, **Amigos Restaurant, Inc** has failed to respond, appear, or defend in this instant action. The Summons and Complaint [DE#1] were served on the Defendant, **Amigos Restaurant, Inc** ("Defendant"), by service upon the Secretary of State on May 3, 2024. Defendant's time to answer or otherwise respond to the complaint expired on May 24, 2024 [DE#8]. To date, no Answer has been interposed on behalf of the Defendant. The Defendant is a corporate entity, and is not an individual in the military service, nor is the Defendant an infant or incompetent.

    **2.**    The Summons and Complaint were also mailed to the Defendants afterwards. Attempts were made to contact the Defendants by USPS mail. Subsequently, a Certificate of Default [DE#20] was entered against Defendant **Amigos Restaurant, Inc**, on August 7, 2024.

Defendants were notified by mail once the Default had been entered and that Plaintiff would move by Notice of Motion for Default Judgment against the non-responding Defendants if they continued to flout the Court's jurisdiction and Plaintiff's prosecution of this matter under Title III and all applicable ADA law. Plaintiff additionally served Defendants notice letters, indicating that the parties had been served through the Secretary of the State, and the time their answers were required to avoid Default. Even after all of the foregoing documents were served by process server and/or USPS mail, Defendants have failed to enter an appearance or respond in any way to the Plaintiff, and thereon appears unable or unwilling to defend themselves in this action and the only substantive and meaningful course of action is for the Court to Grant the Motion for Default Judgment. Given the current posture of the above-styled action, Plaintiff respectfully submits that he would prevail at trial if the Court had the opportunity to decide this case on its merits.

**Procedural History**

**3.** The within action was commenced on April 20, 2024. Defendants were served via the Secretary of State, on May 3, 2024. The time for Defendants to answer the Complaint expired on May 24, 2024. Plaintiff did not immediately move for Default and instead attempted to contact the Defendants regarding this lawsuit to no avail, even having staff of Barducci Law Firm PLLC regularly researching the subject property's services, thereon affirming the public accommodation was still operating and conducting business with deliberate indifference to the discriminatory practices and uncontroverted violations of the ADA and ADAAG that which have denied the Plaintiff and all other similarly situated people equal access to goods and services as guaranteed under 42 U.S.C., § 12182. Thereafter, the judiciary, District Judge the Honorable

Jennifer L. Rochon followed with a September 11, 2024 [DE#21] Text Order directing the Plaintiff to file a Motion for Final Default Judgment, on or before September 23, 2024.

4. Moreover, the Plaintiff applied for Clerk Certificates with the Clerk of the Court on August 6, 2024 [DE#18-19], and soon after a Clerk Certificate was entered [DE#20 annexed as Exhibit hereunto] against Defendant **Amigos Restaurant, Inc** on August 7, 2024.

**<u>Legal Basis for Finding Liability for Allegations in Complaint</u>**

5. This action was filed for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C., Section 12181, *et. seq.* (ADA) and 28 C.F.R., Part 26 (ADAAG). Plaintiff is a resident of the State of New York and this jurisdictional district. Plaintiff is a paraplegic and as a result is required to ambulate in a wheelchair. Plaintiff is a qualified individual under the ADA.Plaintiff's complaint seeks injunctive relief, specifically corrections of barriers to access located at the subject property: <u>674 E. 180th Street, Bronx, New York 10457</u>, which is a restaurant and a place of public accommodation under the ADA and subject to Title III of the ADA.

6. Plaintiff will continue to suffer discrimination should the barriers to access remain at that property in violation of the ADA. The injunction sought by Plaintiff seeks an order to make all readily achievable alterations to the subject property so that it is readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids

and services. Plaintiff therefore requests that this Court Order Defendant's establishment closed pending the completion of all modifications.

### Proposed Damages (Injunctive Relief and Request for Fees and Costs)

7.  Despite the fact that the NYSHRL provides for monetary compensation, Plaintiff is not seeking monetary relief from the damages. Plaintiff is only seeking injunctive relief under the ADA and described in the Complaint [DE#1] filed in this action.

8.  Plaintiff seeks injunctive relief under the ADA requiring that Defendants remove the following architectural barriers:

I.  Inaccessible entrance.

II.  Accessible route to establishment not provided as required. Accessible means of egress not provided as required. Existing steps at entrance act as a barrier to accessibility. Required ramp not provided for steps at entrance.

>  ADAAG 206 Accessible Routes.
>  ADAAG 206.1 General.
>  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
>  ADAAG 206.2 Where Required.
>  Accessible routes shall be provided where required by 206.2.
>  ADAAG 206.2.1 Site Arrival Points.
>  At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
>  ADAAG 206.4 Entrances.
>  Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
>  ADAAG 207 Accessible Means of Egress.
>  ADAAG 207.1 General.
>  Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
>  ADAAG 402 Accessible Routes.
>  ADAAG 402.1 General.

>Accessible routes shall comply with 402.
>ADAAG 402.2 Components.
>Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
>ADAAG 403 Walking Surfaces.
>ADAAG 403.4 Changes in Level.
>Changes in level shall comply with 303
>ADAAG 303.4 Ramps.
>Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

III. Required minimum maneuvering clearance not provided at entrance door.

IV. Non-compliant change in floor level within required maneuvering clearance at entrance door.

>ADAAG 206 Accessible Routes.
>ADAAG 206.1 General.
>Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
>ADAAG 206.2 Where Required.
>Accessible routes shall be provided where required by 206.2.
>ADAAG 206.2.1 Site Arrival Points.
>At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
>ADAAG 206.4 Entrances.
>Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
>ADAAG 206.4.1 Public Entrances.
>In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
>ADAAG 207 Accessible Means of Egress.
>ADAAG 207.1 General.
>Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
>ADAAG 404.2.4 Maneuvering Clearances.
>Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
>ADAAG 404.2.4.4 Floor or Ground Surface.

Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

**Table 404.2.4.1**

**Maneuvering Clearances at Manual Swinging Doors and Gates**

| Type of Use | | Minimum Maneuvering Clearance | |
|---|---|---|---|
| Approach Direction | Door or Gate Side | Perpendicular to Doorway | Parallel to Doorway (beyond latch side unless noted) |
| From front | Pull | 60 inches (1525 mm) | 18 inches (455 mm) |
| From front | Push | 48 inches (1220 mm) | 0 inches (0 mm)1 |
| From hinge side | Pull | 60 inches (1525 mm) | 36 inches (915 mm) |
| From hinge side | Pull | 54 inches (1370 mm) | 42 inches (1065 mm) |
| From hinge side | Push | 42 inches (1065 mm)2 | 22 inches (560 mm)3 |
| From latch side | Pull | 48 inches (1220 mm)4 | 24 inches (610 mm) |
| From latch side | Push | 42 inches (1065 mm)4 | 24 inches (610 mm) |

1. Add 12 inches (305 mm) if closer and latch are provided.
2. Add 6 inches (150 mm) if closer and latch are provided.
3. Beyond hinge side.
4. Add 6 inches (150 mm) if closer is provided.

V. Inaccessible dining counter.

VI. Non-compliant height of dining counter exceeds maximum height allowance. Required minimum knee and toe clearance not provided at dining counter. Portion of dining counter required to be accessible not provided.

> ADAAG 226 Dining Surfaces and Work Surfaces.
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces.
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> Advisory 902.1 General.
> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 902.3 Height.
> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.

> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.

VII. Inaccessible service counter.

VIII. Non-compliant height of service counter exceeds maximum height allowance.

> ADAAG227 Sales and Service.
> ADAAG 227.1 General.
> Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.
> ADAAG 904.4 Sales and Service Counters.
> Sales counters and service counters shall comply with 904.4.1 or 904.4.2.
> The accessible portion of the counter top shall extend the same depth as the sales or service counter top.
> ADAAG 904.4.1 Parallel Approach.
> A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

IX. Compliant signage identifying the restroom not provided as required.

> ADAAG 216 Signs.
> ADAAG 216.1 General.
> Signs shall be provided in accordance with 216 and shall comply with 703.
> ADAAG 216.2 Designations.
> Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with
> 703.2 and 703.5.
> Advisory 216.2 Designations.
> Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.

       Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
       ADAAG 703.1 General.
       Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.
       ADAAG 703.4.1 Height Above Finish Floor or Ground.
       Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
       ADAAG 703.4.2 Location.
       Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

X.    Compliant signage identifying the restroom not provided as required.

       ADAAG 216 Signs.
       ADAAG 216.1 General.
       Signs shall be provided in accordance with 216 and shall comply with 703.
       ADAAG 216.2 Designations.
       Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5.
       Advisory 216.2 Designations.
       Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.
       Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
       ADAAG 703.1 General.
       Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.
       ADAAG 703.4.1 Height Above Finish Floor or Ground.

        Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
        ADAAG 703.4.2 Location.
        Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

XI.     Inaccessible restroom.

XII.    Required minimum clear width not provided at restroom door.

        ADAAG 206 Accessible Routes.
        ADAAG 206.1 General.
        Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
        ADAAG 402 Accessible Routes.
        ADAAG 402.1 General.
        Accessible routes shall comply with 402.
        ADAAG 402.2 Components.
        Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
        ADAAG 404.2.3 Clear Width.
        Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

XIII.   Required minimum maneuvering clearance not provided at restroom door.

        ADAAG 206 Accessible Routes.
        ADAAG 206.1 General.
        Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
        ADAAG 402 Accessible Routes.
        ADAAG 402.1 General.
        Accessible routes shall comply with 402.
        ADAAG 402.2 Components.

        Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.ADAAG 404.2.4 Maneuvering Clearances.
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

XIV. Non-compliant rise in floor level at threshold of restroom door acts as a barrier to accessibility.

XV. Required ramp not provided for non-compliant rise in floor level at threshold of restroom door.

        ADAAG 206 Accessible Routes.
ADAAG 206.1 General.
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
ADAAG 402 Accessible Routes.
ADAAG 402.1 General.
Accessible routes shall comply with 402.
ADAAG 402.2 Components.
Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
ADAAG 404 Doors, Doorways, and Gates.
ADAAG 404.1 General.
Doors, doorways, and gates that are part of an accessible route shall comply with 404.
ADAAG 404.2.5 Thresholds.
Thresholds, if provided at doorways, shall be ½ inch (13 mm) high maximum. Raised thresholds and changes in level at doorways shall comply with 302 and 303.
ADAAG 303.4 Ramps.
Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

XVI. Inaccessible light switch in restroom.

XVII. Non-compliant height of light switch in restroom exceeds maximum height allowance.

        ADAAG 205 Operable Parts.
ADAAG 205.1 General.
Operable parts on accessible elements, accessible routes, and in accessible rooms and spaces shall comply with 309.

      ADAAG Advisory 205.1 General.
      Controls covered by 205.1 include, but are not limited to, light switches, circuit breakers, duplexes and other convenience receptacles, environmental and appliance controls, plumbing fixture controls, and security and intercom systems.
      ADAAG 309.3 Height.
      Operable parts shall be placed within one or more of the reach ranges specified in 308
      ADAAG 308.2 Forward Reach.
      ADAAG 308.2.1 Unobstructed.
      Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.
      ADAAG 308.2.2 Obstructed High Reach.
      Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum.
      ADAAG 308.3 Side Reach.
      ADAAG 308.3.1 Unobstructed.
      Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground.
      EXCEPTIONS: 1. An obstruction shall be permitted between the clear floor or ground space and the element where the depth of the obstruction is 10 inches (255 mm) maximum.
      ADAAG 308.3.2 Obstructed High Reach.
      Where a clear floor or ground space allows a parallel approach to an element and the high side Reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall Be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

XVIII.    Required minimum turning space not provided in restroom.

      ADAAG 603 Toilet and Bathing Rooms
      ADAAG 603.1 General.
      Toilet and bathing rooms shall comply with 603.
      ADAAG 603.2 Clearances. Clearances shall comply with 603.2.
      ADAAG 603.2.1 Turning Space.
      Turning space complying with 304 shall be provided within the room.
      ADAAG 304.3.1 Circular Space.

> The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

XIX. Inaccessible lavatory in restroom.

XX. Required minimum clear floor space not provided at lavatory in restroom.

> ADAAG 606 Lavatories and Sinks.
> ADAAG 606.2 Clear Floor Space.
> A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
> ADAAG 305.3 Size.
> The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

XXI. Required minimum knee and toe clearance not provided at lavatory in restroom.

> ADAAG 606 Lavatories and Sinks.
> ADAAG 606.2 Clear Floor Space.
> A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.
> NON-COMPLIANT HEIGHT OF LAVATORY IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
> ADAAG 606 Lavatories and Sinks.
> ADAAG 606.1 General.
> Lavatories and sinks shall comply with 606.
> ADAAG 606.3 Height.
> Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

XXII. Insulation of pipes and water lines under the lavatory in restroom not provided as required.

> ADAAG 606 Lavatories and Sinks.
> ADAAG 606.5 Exposed Pipes and Surfaces.

|       | |
|-------|---|
|       | Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks. |
| XXIII. | Inaccessible paper towel dispenser in restroom. |
| XXIV. | Non-compliant mounted height of paper towel dispenser in restroom exceeds maximum height allowance. |

> ADAAG Advisory 606.1 General.
> If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
> ADAAG 308.2 Forward Reach.
> ADAAG 308.2.1 Unobstructed.
> Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
> ADAAG 308.2.2 Obstructed High Reach.
> Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
> ADAAG 308.3 Side Reach.
> ADAAG 308.3.1 Unobstructed.
> Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
> 15 inches minimum above the finish floor or ground.
> ADAAG 308.3.2 Obstructed High Reach.
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.
> INACCESSIBLE MIRROR IN RESTROOM.
> NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
> ADAAG 603.3 Mirrors.
> Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
> Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.
> INACCESSIBLE WATER CLOSET IN RESTROOM.

        REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.
ADAAG 604 Water Closets and Toilet Compartments
ADAAG 604.3 Clearance.
Clearances around water closets and in toilet compartments shall comply with 604.3.
ADAAG 604.3.1 Size.
Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

XXV. Required grab bars not provided on rear and side walls of water closet in restroom.

        ADAAG 604 Water Closets and Toilet Compartments
ADAAG 604.5 Grab Bars.
Grab bars for water closets shall comply with 609.
Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

Plaintiff submits that Defendants should be required to comply with the foregoing removal of architectural barriers within ninety (90) days. Plaintiff is also seeking an award for costs and reasonable attorney's fees for the prosecution of this action.

9. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 & 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans with Disabilities Act (see also, 28 U.S.C. §2201 and §2202). Plaintiff respectfully requests that the Court Grant the Motion for Default Judgment in the above captioned matter, as pursuant to 42 U.S.C., Section 12181(a).

11. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C., Sections 12205 and 12207. Plaintiff requests that the Court reserve ruling on attorney's fees and allows the Plaintiff 180 days to finalize a motion to tax reasonable attorney's fees and costs after attempting to prompt Defendants' compliance or to attempt to enforce any final default judgment entered which includes

injunctive relief. The Plaintiff's proposed final default judgment requests that the Defendant be given 90 days from the date of the order to comply with the remediations stated therein. Undersigned will undoubtedly expend additional time and costs in serving any final default judgment and attempting to prompt Defendants' compliance with or attempting to enforce the same. Any amount of fees and costs requested at this time would be incomplete and would require a secondary motion to tax the additional costs and fees to be incurred. In the interest of preserving the Court's time and resources, and in the interest of only filing one of the same type of motion, it is reasonable to wait to move to tax costs and award fees until the majority of the time and costs have already been expended and any minimal anticipated costs and fees can be reasonably estimated.

12. Maria-Costanza Barducci, Esq., hereby declares under penalty of perjury, that the foregoing is true and accurate to the best of her knowledge and belief; that the injunctive relief requested is appropriate and proper, and further, that the attorney's fees and, costs, and expenses sought to be taxed will necessarily be made and included in this action.

WHEREFORE, Plaintiff requests that the Court Grant the Motion for Default Judgment in this matter, as against both non-answering Defendants, and that the Judgment be entered in favor of Plaintiff in all respects as sought, and against the Defendant, **Amigos Restaurant, Inc** in the manner stated herein.

## 28 U.S.C. § 1746 VERIFICATION

*Under penalties of perjury, I declare that I have read the foregoing Affirmation of Maria-Costanza Barducci in Support of the Notice of and Motion for Fed. R. Civ. P. 55 Default Judgment and that the facts stated thereunto are true and accurate.*

Dated: <u>September 23, 2024</u>

            Respectfully Submitted,

            BARDUCCI LAW FIRM, PLLC
            19 West 5th Street, 10th Floor
            New York, New York 10011
            T: 212.433.2554
            MC@BarducciLaw.com

         By: <u>s/Maria-Costanza Barducci</u>
            Maria-Costanza Barducci, Esq.
            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF filing system upon all parties of record, as well as, via mail upon Defendants at the following addresses:

**Amigos Restaurant, Inc**
   674 EAST 180TH STREET,                                    Via USPS Priority Mail
   BRONX, NY, 10457

                                               By:   <u>s/Maria-Costanza Barducci</u>
                                                         Maria-Costanza Barducci, Esq.
                                                            *Attorney for Plaintiff*